## Commonwealth *vs.* Ryan Dalton.

Suffolk. January 6, 2014. - March 17, 2014.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Practice, Criminal,* Sentence, Judicial discretion. *Statute,* Construction. *Words,* "May not."

This court concluded that G. L. c. 6, § 178E (*f*), prohibits a judge from relieving a defendant convicted of a sex offense involving a child of the obligation to register with the Sex Offender Registry Board, even where the defendant is not sentenced to immediate confinement. [557-559]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on August 15, 2011.

The case was reported by *Lenk*, J.

*Pamela Alford*, Assistant District Attorney, for the Commonwealth.

*Lawrence P. Murray* for the defendant.

Gants, J. Under G. L. c. 6, § 178E (*f*), where a defendant convicted of a sex offense is not "sentenced to immediate confinement," the judge "shall relieve such sex offender of the obligation to register" as a sex offender with the Sex Offender Registry Board (SORB) if the judge, within fourteen days of sentencing, determines that "the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public." However, § 178E (*f*) also provides that a judge "may not make such a determination or finding if the sex offender . . . has been convicted of a sex offense involving a child." The defendant in this case was convicted of statutory rape of a fourteen year old girl, in violation of G. L. c. 265, § 23, which is a "sex offense involving a child" as defined in G. L. c. 6, § 178C, and was not sentenced to immediate confinement. The issue presented in this case is whether a judge

may relieve the defendant of the obligation to register with SORB because § 178E (f) declares that a judge "may not," rather than "shall not," make the required determination. We conclude that the judge may not.

*Background.* After a jury-waived trial, the defendant was found guilty of one count of statutory rape and sentenced to a term of probation of six years, with special conditions.[1] The defendant filed a motion for relief from the obligation to register as a sex offender, and the Commonwealth filed an opposition. After hearing, the judge found that, if § 178E (f) allows him the discretion to determine that the circumstances of the offense in conjunction with the defendant's criminal history indicate that the defendant does not pose a risk of reoffense or a danger to the public, "the circumstances in this case present exactly the situation in which that discretion should be applied in favor of the defendant."[2] The judge recognized that "[t]he more difficult question" is whether he was barred under § 178E (f) from relieving the defendant of the obligation to register because the defendant had been convicted of a sex offense involving a child. The judge concluded that § 178E (f) did not bar him from doing so. He reasoned that the Legislature used the word "may" when it allowed a judge or a board to exercise discretion, and "shall" when it prohibited such discretion, and that the choice of the words "may not" in § 178E (f) reflected the Legislature's intent to grant a judge the discretion to relieve a defendant of the obligation of registering with SORB even where the defendant has been convicted of a sex offense involving a child. The Commonwealth sought relief from the judge's order relieving the defendant of the obligation to register by filing a petition with the single justice of this court pursuant to G. L. 211, § 3. The single justice reserved and reported the petition to the full court.

---

[1] The defendant was found not guilty of one count of rape of a child by force, in violation of G. L. c. 265, § 22A; two counts of rape of a child, in violation of G. L. c. 265, § 23; and one count of indecent assault and battery on a person fourteen years of age or older, in violation of G. L. c. 265, § 13H.

[2] The statutory rape conviction was based on the fourteen year old victim performing oral sex on the twenty-one year old defendant. The judge found that the defendant's conduct was "wrong and criminal," but that the circumstances did not suggest that the defendant "is a sexually violent predator or that he is somebody that poses a danger to society or to the public or that he poses a risk of re-offense of a sexual nature."

*Discussion.* General Laws c. 6, § 178E (*f*), provides as follows:

> "In the case of a sex offender who has been convicted of a sex offense . . . and who has not been sentenced to immediate confinement, the court shall, within [fourteen] days of sentencing, determine whether the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public. If the court so determines, the court shall relieve such sex offender of the obligation to register under [G. L. c. 6, §§] 178C to 178P, inclusive. The court may not make such a determination or finding if the sex offender has been determined to be a sexually violent predator; has been convicted of two or more sex offenses defined as sex offenses pursuant to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. § 14071, committed on different occasions; has been convicted of a sex offense involving a child or a sexually violent offense; or if the sex offender is otherwise subject to minimum or lifetime registration requirements as determined by [SORB] to [G. L. c. 6, §] 178D."

"[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." *Commonwealth* v. *Boe*, 456 Mass. 337, 347 (2010), quoting *James J. Welch & Co.* v. *Deputy Comm'r of Capital Planning & Operations*, 387 Mass. 662, 666 (1982). Because criminal penalties may be imposed on a defendant who is required to register and fails to do so, we apply the "rule of lenity" in interpreting the registration requirement and " 'resolve any ambiguities' against the Commonwealth." *Commonwealth* v. *Ventura*, 465 Mass. 202, 212 (2013), quoting *Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 618 (2010). Therefore, if the statute were "found plausibly to be ambiguous, the defendant is given the benefit of the ambiguity." *Commonwealth* v. *Wotan*, 422 Mass. 740, 742 (1996). We conclude that there is no such plausible ambiguity in § 178E (*f*); where, as here, a defendant is convicted of a sex

offense involving a child, the language of § 178E (*f*) clearly prohibits a judge from making the determination that "the circumstances of the offense in conjunction with the offender's criminal history indicate that the sex offender does not pose a risk of reoffense or a danger to the public," and thereby prohibits a judge from relieving the defendant of the obligation to register with SORB.

According to the plain language of § 178E (*f*), where a judge sentences a defendant to a term of probation rather than a sentence of "immediate confinement," the judge for many defendants has the discretion timely to consider the circumstances of the offense and the criminal history of the defendant, and determine whether the defendant "does not pose a risk of reoffense or a danger to the public." Where a judge makes such a determination, the judge is required to relieve the defendant of the obligation to register with SORB. However, for certain defendants, including a defendant convicted of a sex offense involving a child, a judge "may not make such a determination" and therefore lacks the authority to relieve the defendant of the obligation to register. See *Commonwealth* v. *Domino*, 465 Mass. 569, 582 (2013) (defendant "statutorily foreclosed" from relief from registration under § 178E [*f*], because of prior convictions of rape of child); *Roe* v. *Attorney Gen.*, 434 Mass. 418, 424 n.13 (2001) ("exceptions to registration" under § 178E [*f*] "do not apply to . . . those convicted of sex offenses involving a child or sexually violent offenses").

The use of the word "may" in a statute is generally permissive, reflecting the Legislature's intent to grant discretion or permission to make a finding or authorize an act. See, e.g., *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n*, 385 Mass. 70, 81 (1982) ("the word 'may' does not impose a mandate but simply authorizes an act"). The use of the words "may not" denies such discretion or permission, and is therefore mandatory in nature. See, e.g., *Edwards, petitioner*, 464 Mass. 454, 462-463 (2013) (judge "may not" reduce hourly rate of retained expert below that set by Committee for Public Counsel Services); *Commonwealth* v. *Tim T.*, 437 Mass. 592, 597 (2002) (judge may not, over Commonwealth's objection, impose "substantial" period of pretrial probation). Here, the Legislature granted sentencing judges

in certain circumstances the discretion to make a factual finding that would require relief from registration, but denied judges the discretion to make that determination in other circumstances, including where the defendant has been convicted of a sex crime involving a child. Therefore, we see no distinction between the words "shall not" and "may not" in terms of their practical consequence. Neither allows the exercise of discretion. Where the Legislature grants discretion in some circumstances and denies it in others, the use of the word "may" contrasted with the words "may not" simply clarifies where discretion is granted and where it is forbidden more effectively than the words "shall not." Compare G. L. c. 6, § 178E (*e*) (on written motion of Commonwealth, judge "may" at time of sentencing find that sex offender shall not be required to register if judge determines that circumstances of offense and offender's criminal history do not indicate risk of reoffense or danger to public, but judge "may not make such a finding if the sex offender has been . . . convicted of a sex offense involving a child"), with G. L. c. 6, § 178K (2) (*d*) (SORB may relieve sex offender of further obligation to register where it makes specific written findings that circumstances of offense and offender's criminal history do not indicate risk of reoffense or danger to public, but "provisions of this subsection shall . . . not apply if a sex offender has been convicted of a sex offense involving a child").

Therefore, although we understand why the judge, in light of the circumstances of this offense and the offender's absence of significant criminal history, wished to have the discretion to relieve the defendant of the obligation to register as a sex offender, the plain language of § 178E (*f*) forbids the exercise of such discretion where, as here, the defendant has been convicted of a sex offense involving a child.

*Conclusion.* For the reasons stated, we remand this case to the single justice with instructions to vacate the judge's order relieving the defendant of the obligation to register as a sex offender, and to remand the case to the Superior Court for a further hearing so that the defendant may be informed in accordance with G. L. c. 6, § 178E (*c*), of his duty to register as a sex offender.

*So ordered.*