NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12074

COMMONWEALTH  vs.  ALEXANDER SOTO.


Suffolk.     October 7, 2016. - February 9, 2017.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy,
& Budd, JJ.


Practice, Criminal, Indictment, Trial of indictments together,
     Dismissal.  Youthful Offender Act.  Statute, Construction.
     Jurisdiction, Juvenile, Superior Court.  Juvenile Court,
     Jurisdiction.  Superior Court, Jurisdiction.



Indictments found and returned in the Superior Court
Department on April 2, 2015.

A motion to dismiss was heard by Peter M. Lauriat, J.

The Supreme Judicial Court granted an application for
direct appellate review.


Helle Sachse, Assistant District Attorney (Mark A. Hallal &
Montez D. Haywood, Assistant District Attorneys, also present)
for the Commonwealth.
Benjamin L. Falkner for the defendant.


HINES, J.  Alexander Soto, a juvenile, was indicted in the

Superior Court for murder in the first degree and for related

offenses under G. L. c. 119, § 74.  A judge in the Superior

Court dismissed the nonmurder indictments, ruling that the nonmurder charges must be brought first in the Juvenile Court by a complaint for delinquency or a youthful offender indictment prior to joinder with the murder indictments. The Commonwealth appealed, and we granted its application for direct appellate review. We conclude, based on the plain language of G. L. c. 119, § 74, and the overarching statutory scheme governing the treatment of juveniles charged with a violation of the criminal law, that when a juvenile is indicted for murder, nonmurder offenses that are properly joined with the murder indictment under Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1979), must be brought in the Superior Court. Therefore, we reverse the order allowing the defendant's motion to dismiss the nonmurder indictments and remand the matter to the Superior Court.

Background. On November 5, 2014, the defendant and two codefendants were involved in a shooting that resulted in the death of Ryan Morrissey and serious injury to James Lawton. In April, 2015, a Suffolk County grand jury returned five indictments against the defendant: (1) murder, G. L. c. 265, § 1; (2) armed assault with the intent to murder, G. L. c. 265, § 18 (b); (3) assault and battery by means of a dangerous weapon, causing serious bodily injury, G. L. c. 265, § 15A (c) (i); (4) unlawful possession of a firearm, G. L. c. 269, § 10 (a); and (5) unlawful possession of a loaded

firearm, G. L. c. 269, § 10 (n).  Because the defendant was seventeen years old at the time of the shooting, the Commonwealth brought the indictments in the Superior Court pursuant to G. L. c. 119, § 74.

After the arraignment on the murder indictment, the court deferred arraignment on the nonmurder indictments for reasons that are not apparent on the record.  The Commonwealth filed a motion for joinder of the nonmurder indictments under Mass. R. Crim. P. 9 (a) (1).  The defendant countered with a motion to dismiss the nonmurder indictments, arguing that these charges could be properly joined with the murder indictment only after being brought first in the Juvenile Court and transferred to the Superior Court as provided in G. L. c. 211B, § 9 (x).[1]  This statute vests authority in the Chief Justice of the Trial Court to consolidate cases pending in different departments of the Trial Court and to assign a justice of one Trial Court department to sit as a justice in another Trial Court department.  More specifically, the defendant claimed that the Commonwealth was required to bring the unlawful possession of a firearm charge as a delinquency complaint and the remainder of

---

[1] This procedure contemplates an entirely different set of circumstances involving separate cases and the same parties that have been filed in different trial court departments.  Here, there is only one case against the juvenile defendant.

the nonmurder counts as youthful offender indictments in the Juvenile Court.

After a nonevidentiary hearing on the motions, the judge denied the Commonwealth's motion for joinder and granted the defendant's motion to dismiss. In allowing the defendant's motion to dismiss, the judge ruled that a juvenile defendant "is not automatically subject to indictment, arraignment, trial, or sentencing as an adult on . . . non-murder charges . . . that he faces by sole reason that those charges arise from the same circumstances upon which his murder indictment is based." In addition, the judge cited to two Superior Court cases in which the Commonwealth followed the G. L. c. 211B, § 9 (x), interdepartmental transfer procedure it opposes in this case. This appeal followed.

Discussion. 1. Standard of review. This appeal presents an issue of statutory interpretation that we review de novo. See Chin v. Merriot, 470 Mass. 527, 531 (2015).

2. Statutory interpretation. In deciding the question before us, we apply well-settled rules of statutory interpretation. "[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." Commonwealth v. Dalton, 467 Mass. 555, 557 (2014), quoting Commonwealth v. Boe, 456

Mass. 337, 347 (2010). "Where the language is clear and unambiguous, it is to be given its 'ordinary meaning,'" Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013), quoting Commonwealth v. Brown, 431 Mass. 772, 775 (2000), and "it is conclusive as to the intent of the Legislature." Commissioner of Correction v. Superior Court Dep't of the Trial Court, 446 Mass. 123, 124 (2006).

Thus, we begin with the relevant statutory language:

> "The juvenile court shall not have jurisdiction over a person who had at the time of the offense attained the age of fourteen but not yet attained the age of [eighteen] who is charged with committing murder in the first or second degree. Complaints and indictments brought against persons for such offenses, and for other criminal offenses properly joined under [Mass. R. Crim. P. 9 (a) (1)], shall be brought in accordance with the usual course and manner of criminal proceedings."

G. L. c. 119, § 74. The plain language of the statute sets forth two directives essential to our determination whether nonmurder indictments related to a juvenile defendant's murder indictment must be brought in the Superior Court: (1) it unequivocally divests the Juvenile Court of jurisdiction over a juvenile charged with murder; and (2) it dictates the procedure for disposition of complaints and indictments against a juvenile charged with murder. As we explain, both the jurisdictional limitation and the mandated procedure for the disposition of charges against juveniles charged with murder are incompatible

with a requirement that related nonmurder offenses be brought first in the Juvenile Court.  We discuss each in turn.

a.  Jurisdictional limitation.  The statutory language divesting the Juvenile Court of jurisdiction over a juvenile charged with murder and transferring jurisdiction over the "person" to the Superior Court manifests a clear legislative intent to exclude this class of juveniles from the protections afforded to all other juveniles charged with violations of the criminal law.  This intent is evident from G. L. c. 119, § 53,[2] which excludes § 74 from the mandate that delinquency proceedings "shall be liberally construed so that . . . [children] shall be treated, not as criminals, but as children in need of aid, encouragement and guidance."  Accordingly, juveniles charged with murder are not entitled to the benefit of a juvenile justice system that is "primarily rehabilitative, cognizant of the inherent differences between juvenile and adult offenders, and geared toward 'the correction and redemption to society of delinquent children.'"  Commonwealth v. Hanson H., 464 Mass. 807, 814 (2013), quoting Commonwealth v. Magnus M.,

---

[2] General Laws c. 119, § 53, provides:  "Sections [52] to [63], inclusive, shall be liberally construed so that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals but as children in need of aid, encouragement and guidance.  Proceedings against children under said sections shall not be deemed criminal proceedings."

461 Mass. 459, 461 (2012).  Read together, G. L. c. 119, §§ 53 and 74, impose a jurisdictional boundary that eliminates the role of the Juvenile Court in the prosecution of juveniles charged with murder.  The transfer procedure urged by the defendant would flout the legislative intent by preserving protections unavailable in the adult system, including the more favorable sentencing options under G. L. c. 119, § 58,[3] for the nonmurder offenses.  Therefore, in deference to the clear legislative intent that juveniles charged with murder be treated as adults under the jurisdiction of the Superior Court, we decline to interpret the statute in a manner that would defeat that purpose.  See Commonwealth v. Walczak, 463 Mass. 808, 827 (2012) (Lenk, J., concurring) ("juveniles indicted for murder in any degree must be treated as adults in all respects" [emphasis in original]).

b.  Procedure under G. L. c. 119, § 74.  Although we have not directly addressed whether complaints or indictments for

---

[3] Section 58 provides that where a juvenile is adjudicated delinquent, "Juvenile Court judges have broad 'discretion . . . to render individualized dispositions consistent with the best interests of the child,'" including placing the case on file, placing the child in the care of a probation officer, or committing the child to the custody of the Department of Youth Services (department).  Commonwealth v. Mogelinski, 466 Mass. 627, 631 (2013), quoting Commonwealth v. Hanson H., 464 Mass. 807, 808 (2013), and citing G. L. c. 119, § 58.  Where the child is adjudicated a youthful offender, the Juvenile Court judge has the authority to impose "a sentence provided by law," a combination sentence, or commitment to the department until the age of twenty-one.  G. L. c. 119, § 58.

related nonmurder charges <u>must</u> be brought in adult criminal proceedings, the procedural framework underlying G. L. c. 119, § 74, points to the Superior Court as the sole venue for such cases. First, the statute expressly authorizes the joinder of murder and nonmurder charges so long as they are "properly joined" under Mass. R. Crim. P. 9 (a) (1). This rule permits joinder of "related" offenses, defined as conduct "aris[ing] out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan." <u>Id</u>. Rule 9 (a) (1) is the sole test for joinder, and nothing in the statute implies a legislative intent to encumber the trial of related nonmurder charges with an extraneous transfer procedure at odds with the method for joinder expressly provided in G. L. c. 119, § 74. Indeed, to compel the Commonwealth to follow the G. L. c. 211B, § 9 (x), interdepartmental transfer procedure would require that we "read into the statute a provision which the Legislature did not see fit to put there" (citation omitted). <u>Chin</u>, 470 Mass. at 537. We decline to do so.

Our conclusion that the Legislature intended to establish rule 9 (a) (1) as the sole test for joinder of murder and related nonmurder offenses is buttressed by the public safety policy underlying the mandate in G. L. c. 119, § 74, to treat juvenile defendants charged with murder as adults. The joinder

rule insures that a juvenile charged with murder is treated as an adult for the totality of the conduct related to the murder charge, eliminating the possibility that the conduct that does not cause death would be adjudicated and punished differently from how related criminal conduct that does cause death is. Put simply, an interpretation of the statute to permit a juvenile defendant charged with murder to straddle the jurisdictional fence between the Juvenile Court and the Superior Court would undermine this policy imperative.

Last, we address the defendant's argument that the provision in G. L. c. 119, § 74, that complaints and indictments "shall be brought in accordance with the usual course and manner of criminal proceedings" cannot be interpreted to mean that nonmurder charges must be initiated as adult criminal proceedings where the Legislature used identical language in G. L. c. 119, § 54, which applies only to juvenile proceedings. We agree that the phrase does not mean that the nonmurder charge must be brought in the Superior Court as a criminal offense. Nor can such meaning be imputed to the phrase as it is used in § 54 with respect to youthful offender complaints and indictments. Our interpretation of this language does not advance the defendant's position, however, because we do not rely on this phrase in concluding that the nonmurder charges related to a juvenile defendant's murder charge must be brought

in the Superior Court.  The phrase "shall be brought in accordance with the usual course and manner of criminal proceedings" specifies not where the charges are to be brought, but rather what procedures are to be applied in the trial of the case.  In other words, the phrase as it is used in § 74, in the context of a murder charge against a juvenile, means that the procedures used in criminal proceedings apply to complaints and indictments brought against juvenile defendants for murder in any degree and for properly joined nonmurder offenses.  See Mogelinski, 466 Mass. at 631 n.2, citing G. L. c. 119, § 74 (noting that "juveniles between the ages of fourteen and [eighteen] who have been charged with murder in the first or second degree . . . must be prosecuted as an adult in the Superior Court, in accordance with the usual course and manner of criminal proceedings"); Walczak, 463 Mass. at 827 (Lenk, J., concurring) ("By [G. L. c. 119, § 74,] so limiting the jurisdiction of the Juvenile Court, the act required that a juvenile indicted for murder be tried 'in accordance with the usual course and manner of criminal proceedings' applicable to adult defendants in the Superior Court").  Thus, contrary to the defendant's argument, we see no conflict with Commonwealth v. Quincy Q., 434 Mass. 859, 865-866 (2001), which involved only the joinder of a juvenile delinquency complaint and a youthful offender indictment for trial in the Juvenile Court.

Conclusion.  Where a juvenile has been indicted for murder under G. L. c. 119, § 74, Mass. R. Crim. P. 9 (a) (1) is the sole test for whether related offenses must be initiated in Superior Court.  If the related nonmurder offenses are properly joined with the murder offense under the rule, the Commonwealth may proceed to trial in the Superior Court without the necessity of a transfer procedure.  Therefore, we reverse the order allowing the defendant's motion to dismiss the nonmurder indictments, and remand this case to the Superior Court for further proceedings consistent with this opinion.

So ordered.