LOWY, J.
**156 We are called upon to determine whether a building permit should have been issued for a lot in Brockton. In 1964, the lot at issue was part of a lot that was divided in half by its owner in two separate conveyances without any plan presented to the local planning board. If a division constitutes a subdivision, there is a statutory requirement that it be approved by the planning board. The questions we must answer are first, whether the 1964 division was a subdivision under the subdivision control law and Brockton's zoning ordinance, and if not, was there a requirement that the division be approved by the planning board nonetheless. Because we agree with the Land Court judge's determination that the division of the lot was not a subdivision and that the owners were not otherwise required to seek any planning board action, we affirm.
**157 Background. We present the undisputed facts found by the Land Court judge.
In 1937, a plan of land in Brockton that was divided into lots was recorded in the Plymouth registry of deeds. Lot 46 was located south of lot 45 and north of lot 47. In 1964, the owner of lot 46 conveyed the northern half of the lot to the owner of lot 45, and southern half of the lot to the owner of lot 47, which is the property at issue here (the locus). Each half of lot 46 had 57.5 feet of frontage on Braemoor Road, and was approximately 141 feet deep, with a square footage of 8,132.
The transfer of the locus was recorded. The next year, lot 47 and the locus were conveyed in a deed that was recorded and differentiated between "[t]he southerly half of lot 46, and all of lot 47." The boundaries of the two lots were described individually. These transfers were subject to the 1963 Brockton zoning ordinance (which was replaced by the current Brockton zoning ordinance in 1968). Houses have been built on lots 45 and 47, with addresses on Braemoor Road.
The locus, along with lot 47, was conveyed several times between 1965 and 2016, when it was conveyed to plaintiff Michelle Annese. Annese and plaintiff RCA Development, Inc., applied for a permit to construct a house on the locus, which the building inspector denied. The plaintiffs appealed to the zoning board of appeals of Brockton (board), which denied their appeal on the basis that the locus had merged with lot 47 and had therefore lost its "grandfathered" status as buildable under the 1963 zoning ordinance. The plaintiffs appealed from the board's decision to the Land Court, where the plaintiffs argued that the locus resulted from a division that did not constitute a subdivision, and that the legitimacy and buildability of lot 46 should be considered under the 1963 zoning ordinance, which was in effect at the time of the division. The board countered *1119 that the lot was unbuildable because the division of the lot did not comply with the subdivision control law, and that the 1963 zoning ordinance should no longer apply because the locus merged with lot 47 due to common ownership.
The parties submitted a joint statement of agreed-upon facts in the Land Court and filed cross motions for summary judgment. A Land Court judge reversed the decision of the board, determining that, because each lot that resulted from the split of lot 46 had **158 adequate frontage on a public way at the time of the division,[2] it did not constitute a subdivision under G. L. c. 41, § 81L. Therefore, the division of the lot did not require the approval of the planning board under G. L. c. 41, § 81O. In addition, the judge determined that although the owner of lot 46 could have sought the planning board's endorsement of the division through an "approval not required" (ANR) plan, the owner was not required to do so. Therefore, his failure to seek such endorsement did nothing to invalidate the division. See G. L. c. 41, § 81P (no requirement to submit ANR plan if division is not subdivision).[3]
Discussion. We review the allowance of a motion for summary judgment de novo, considering the facts "in the light most favorable to the party against whom judgment entered." Bellalta v. Zoning Bd. of Appeals of Brookline, 481 Mass. 372, 376, 116 N.E.3d 17 (2019), quoting 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699, 964 N.E.2d 318 (2012). Where, as here, the judge's decision is based on undisputed material facts, we will uphold the summary judgment decision so long as "the ruling was correct as a matter of law." Bellalta, supra, quoting M.P.M. Bldrs., LLC v. Dwyer, 442 Mass. 87, 89, 809 N.E.2d 1053 (2004).
The board argues that the Land Court judge erred in determining that the division of lot 46 did not require a subdivision plan, and that references to subdivisions in G. L. c. 41, § 81O, should be read to apply to both divisions and subdivisions. We conclude that the plain language of the underlying statutes and the 1963 Brockton zoning ordinance make clear that the division of lot 46 **159 did not constitute a subdivision and therefore was proper despite no plan being submitted to the planning board.
The subdivision control law, enacted in 1953, applies to every municipality in the Commonwealth that accepts it other than Boston. See G. L. c. 41, § 81N ; St. 1953, c. 674, § 7. Under G. L. c. 41, § 81O, "No *1120 person shall make a subdivision of any land in any city or town in which the subdivision control law is in effect unless he has first submitted to the planning board of such city or town for its approval of a plan of such proposed subdivision."
Under Section 81L, certain divisions of land are excluded from the definition of "subdivision" including, insofar as relevant here, a division that leaves every resultant lot with sufficient frontage on a public way to satisfy the local zoning ordinance then in place does not constitute a subdivision.[4]
It is undisputed that both the locus and the northern half of lot 46 each had 57.5 feet of frontage on Braemoor Road, a lot depth of 141 feet, and a total area of 8,132 square feet. At the time of **160 the division, § 11C of the Brockton zoning ordinance required lots to have a minimum of fifty feet of frontage on an existing public way and a depth of eighty feet, so long as the original lot's frontage was not longer than 140 feet. Because the locus satisfied the zoning requirements at the time of its creation, the division of lot 46 was not a subdivision under the plain language of G. L. c. 41, § 81L. Therefore, it did not require planning board approval under G. L. c. 41, § 81O.
The board next argues that the Land court judge erred when he determined that the owner of lot 46 in 1964 was not required to submit an ANR plan, in accordance with G. L. c. 41, § 81P, for the division to be legitimate. We disagree.
Section 81P provides a procedure for an individual to submit an ANR plan to a planning board:
"Any person wishing to cause to be recorded a plan of land situated in a city or town in which the subdivision control law is in effect, who believes that his plan does not require approval under the subdivision control law, may submit his plan to the planning board of such city or town in the manner prescribed in section eighty-one T, and, if the board finds that the plan does not require such approval, it shall forthwith, without a public hearing, endorse thereon or cause to be endorsed thereon by a person authorized *1121 by it the words 'approval under subdivision control law not required' " (emphasis added).
The board argues that the Land Court judge erred in determining that § 81P is permissive, contending instead that it creates a mandate that an ANR plan be submitted to a planning board before any division of land. This argument is grounded in the legislative intent behind the subdivision control law, which the board asserts suggests that all divisions of land should be approved by a planning board to prevent "wild deeds." However, "where the language of a statute is plain and unambiguous, it is conclusive as to legislative intent." Ciani v. MacGrath, 481 Mass. 174, 178, 114 N.E.3d 52 (2019), quoting Sharris v. Commonwealth, 480 Mass. 586, 594, 106 N.E.3d 661 (2018). Section 81P is clear: a person believing the land they seek to divide would not constitute a subdivision has the option to present an ANR plan to the local planning board. There is nothing ambiguous about the statute's use of the words "wishes" and "may." "The use of the word 'may' in a statute is generally permissive, reflecting the Legislature's intent to grant discretion or **161 permission to make a finding or authorize an act." Commonwealth v. Dalton, 467 Mass. 555, 558, 5 N.E.3d 1206 (2014). See School Comm. of Greenfield. v. Greenfield Educ. Ass'n, 385 Mass. 70, 81, 431 N.E.2d 180 (1982) ("It is axiomatic in statutory construction that the word 'shall' is an imperative and that the word 'may' does not impose a mandate but simply authorizes an act"). Here, there is was no requirement to file an ANR plan for the division of lot 46 to be legitimate.[5]
As the locus met all other requirements that existed at the time for a proper division of land, we conclude that the denial of a building permit for the locus was in error. The decision and order of the Land Court reversing the board's decision and granting summary judgment to the plaintiffs is affirmed.
So ordered.

As Braemoor Road was an existing way at the time of the division, Section 11C of the 1963 zoning ordinance required there be at least fifty feet of street frontage and eighty feet of depth when the original lot had a frontage of less than 140 feet.

The issue of merger also was before the Land Court. The Land Court judge determined that the lots did not merge, because although G. L. c. 40A, § 6, provides that lots rendered nonconforming by a new zoning ordinance will receive "grandfather" protection only if "not held in common ownership with any adjoining land," the Brockton zoning ordinance is more forgiving. Section 27-12 of the zoning ordinance provides that a single-family home may be constructed on "any existing lot of record," even if nonconforming, so long as it meets certain requirements. Notably, the locus met requirements that the adjacent, commonly-owned lot was not vacant and the locus had more than fifty feet of frontage and a total area of greater than 5,000 square feet. Therefore, the judge determined that the locus received grandfather protection because it conformed with the 1963 zoning ordinance, in place at the time lot 46 was divided, and was accordingly not subject to the merger doctrine. The board does not challenge the Land Court judge's decision as it relates to merger.

General Laws, c. 41, § 81L, provides:
" 'Subdivision' " shall mean the division of a tract of land into two or more lots and shall include resubdivision, and, when appropriate to the context, shall relate to the process of subdivision or the land or territory subdivided; provided, however, that the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (a) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way, or (b) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law, or (c) a way in existence when the subdivision control law became effective in the city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon. Such frontage shall be of at least such distance as is then required by zoning or other ordinance or by-law, if any, of said city or town for erection of a building on such lot, and if no distance is so required, such frontage shall be of at least twenty feet. Conveyances or other instruments adding to, taking away from, or changing the size and shape of, lots in such a manner as not to leave any lot so affected without the frontage above set forth, or the division of a tract of land on which two or more buildings were standing when the subdivision control law went into effect in the city or town in which the land lies into separate lots on each of which one of such buildings remains standing, shall not constitute a subdivision (emphasis added)."

The board's argument essentially is, regardless of whether the locus was created as part of a division or a subdivision, planning board action was required under either § 81O or § 81P, for that division of land to be proper. For the reasons stated above, we reject that argument. Had we agreed, the board asked us to add the words "division or" before all mentions of subdivision in § 81O. Because we have rejected the underlying argument, this question need not be addressed.