NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-517

COMMONWEALTH

vs.

DAVID M. STRACHAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a police officer found the defendant, David Strachan, unresponsive from an apparent drug overdose, the officer requested emergency medical assistance; the defendant recovered and thereafter was charged with possession.  A District Court judge dismissed the charges, concluding that G. L. c. 94C, § 34A (b), immunized the defendant from prosecution.  We affirm.

1.  Background.  We briefly recite the undisputed facts. In the early morning hours of October 17, 2021, Officer Michael Ramsey of the Pembroke Police Department was on routine patrol when he observed a vehicle with its lights on and the driver, later identified as the defendant, slumped over the steering wheel.  Officer Ramsey noticed that drool was coming out of the defendant's mouth.  Although the defendant was still breathing, Officer Ramsey's multiple attempts to wake him up were

unsuccessful.  Officer Ramsey saw what he believed to be drug residue and paraphernalia in the defendant's car and, believing that the defendant was overdosing, called dispatch for assistance.  Several other police officers arrived at the scene and attempted unsuccessfully to wake up the defendant.  Officer Ramsey broke the car window and administered Narcan to the defendant.  Emergency responders with the Pembroke Fire Department, who soon appeared on the scene, twice more administered Narcan to the defendant.[1]

After the defendant was transported to the hospital, police conducted an inventory search of the vehicle, which resulted in the seizure of drugs found in the center console.  The defendant was charged with one count of possession of a class A substance (heroin), in violation of G. L. c. 94C, § 34, and one count of possession of a class B substance (crack cocaine), also in violation of G. L. c. 94C, § 34.

The defendant filed a motion to dismiss, arguing that because he was suffering from a drug-related overdose, and because the drugs were found as a result of a call for medical attention, he was immune from prosecution under G. L. c. 94C, § 34A (b).  The Commonwealth argued that the defendant was not

---

[1] While en route to the hospital, the defendant was revived.

immune because the call for medical assistance was initiated by a police officer.

2. Discussion. As it presents a question of statutory construction, we review the judge's decision to dismiss the criminal charges under G. L. c. 94C, § 34A (b), de novo. Commonwealth v. Wade, 475 Mass. 54, 60 (2016).

"[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." Commonwealth v. Soto, 476 Mass. 436, 438 (2017), quoting Commonwealth v. Dalton, 467 Mass. 555, 557 (2014). If a statute's language is clear and unambiguous, and if its application does not lead to an absurd result, that language is conclusive of legislative intent. Commonwealth v. Wassilie, 482 Mass. 562, 573 (2019). We look at the language of the entire statute, "not just a single sentence," so as to interpret all of its terms "harmoniously to effectuate the intent of the Legislature" (quotation omitted). Phillips v. Equity Residential Mgt., L.L.C., 478 Mass. 251, 257 (2017). Finally, if there is any ambiguity in the statute, the rule of lenity requires that criminal statutes be strictly construed against the Commonwealth and that any ambiguity be resolved in favor of the defendant. See Commonwealth v. Wotan, 422 Mass. 740, 742 (1996).

3

With this backdrop in mind, we begin our analysis by reading the plain language of the statute. Commonwealth v. Rossetti, 489 Mass. 589, 593 (2022). Relevant here, G. L. c. 94C, § 34A (b), provides immunity from prosecution to a person suffering from a drug overdose if that person, as a result of receiving medical assistance, is found to be in possession of drugs.[2] This subsection states:

> "A person who experiences a drug-related overdose and is in need of medical assistance and, in good faith, seeks such medical assistance, or is the subject of such a good faith request for medical assistance, shall not be charged or prosecuted for possession of a controlled substance under said section 34 . . . if the evidence for the charge of possession of a controlled substance or violation was gained as a result of the overdose and the need for medical assistance."

G. L. c. 94C, § 34A (b). Under the plain words of the statute, if a person experienced a drug overdose and made a good faith request for medical assistance and, as a result, the police found the person to be in possession of drugs, immunity would apply. That same person would also be entitled to immunity if they were in possession of drugs, experienced a drug overdose,

---

[2] Subsection (a) provides immunity from prosecution to a person who seeks medical assistance for someone experiencing a drug-related overdose. G. L. c. 94C, § 34A (a). So, under this subsection, a person who calls for help for someone overdosing, but in the course of the incident is found to be in possession of drugs, would be immune from prosecution. The Commonwealth asks that we analyze G. L. c. 94C, § 34A (a), to give context to specific language in G. L. c. 94C, § 34A (b). Because, as discussed below, we find G. L. c. 94C, § 34A (b), to be unambiguous, we do not examine G. L. c. 94C, § 34A (a).

4

and did not seek medical assistance themselves but were instead the subject of a good faith request by someone else for medical assistance.

Turning to the facts of this case, the defendant was undoubtedly experiencing a drug-related overdose when police encountered him.  The defendant, unresponsive and slumped over the steering wheel, was in no condition to call for medical assistance.  He became the subject of a good faith request for medical assistance when Officer Ramsey called dispatch for assistance after numerous attempts to wake him were unsuccessful.  See Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/good%20faith ("good faith" means "honesty or lawfulness of purpose").  Emergency responders were called and administered additional doses of Narcan as a life-saving measure.  Finally, while on the scene, and after the defendant was being transported to the hospital, drugs were found as a result of an inventory search.  In other words, drugs were discovered by police because the defendant's overdose caused Officer Ramsey to seek medical assistance, which caused the defendant to be transported to the hospital and resulted in the need for his car to be towed and an inventory search to be completed.

Based on the plain language of the statute, we conclude that the defendant was immune from prosecution for possession

under § 34 since the drugs were found as a result of his being the subject of a good faith call for medical assistance while he was experiencing a drug overdose.  We are not persuaded by the Commonwealth's argument that § 34A (b), when read as a whole, does not apply when police officers request medical assistance for an overdose victim.  Nothing in the statute differentiates a citizen seeking medical assistance for someone experiencing a drug-related overdose from a police officer making that same request.  Contrary to the Commonwealth's position, it is not an absurd or illogical result that the defendant in this case has immunity.  The Legislature unambiguously expressed its intent to encourage people, whether it be the person suffering from an overdose or someone witnessing said overdose, to call for medical assistance in order to obtain lifesaving treatment.  The Legislative intent, to save the lives of individuals experiencing a life threatening drug overdose, is accomplished whether an ordinary citizen, a paramedic, or a police officer calls for medical assistance to prevent death by overdose.

The Commonwealth asks us to interpret the language of the statute to exclude police officers from the scope of § 34A (b).  However, as noted above, when the language of the statute is clear and unambiguous, and when the result is not illogical, we must apply the plain language of the statute.  Our role prohibits judicial construction when the language is clear.

6

Nothing in the plain language of G. L. c. 94C, § 34A (b), requires that a person who calls for help for someone experiencing a drug overdose be a nonpolice officer. Without any ambiguity, we are prohibited from adding language to the statute in order to effectuate what the Commonwealth argues is a commonsense reading of the statute. Had the Legislature intended to narrow the scope of immunity so that it did not apply when law enforcement seeks medical assistance, it could have specifically included such language. It did not do so. Accordingly, we affirm.

Judgment affirmed.

By the Court (Rubin, Neyman & Walsh, JJ.[3]),

Joseph F. Stanton

Clerk

Entered: October 20, 2023.

_____

[3] The panelists are listed in order of seniority.