COMMONWEALTH *vs.* DALE D., a juvenile.

Suffolk. March 6, 2000. - June 20, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Youthful Offender Act. Statute,* Construction. *Grand Jury. Practice, Criminal,* Grand jury proceedings, Juvenile delinquency proceeding. *Due Process of Law,* Grand jury proceedings, Juvenile delinquency proceeding. *Juvenile Court,* Delinquent child, Jurisdiction. *Jurisdiction,* Juvenile Court, Juvenile delinquency proceeding.

Discussion of the procedures for prosecution of juveniles under the youthful offender act, St. 1996, c. 200, repealing G. L. c. 119, § 61. [758-759]
This court concluded that, in accordance with the language and purpose of G. L. c. 119, § 54, the Commonwealth may proceed against a juvenile as a delinquent by complaint after a grand jury declines to indict the juvenile as a youthful offender [759-761], and considerations of due process did not require otherwise [761-762].

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on October 30, 1996.

A motion to dismiss was heard by *R. Marc Kantrowitz,* J., and, on transfer to the Boston Juvenile Court, the case was tried before *Stephen M. Limon,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Barbara J. Sweeney* for the juvenile.

*Jennifer M. Davis,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. The question presented in this case is whether, under G. L. c. 119, § 54, the Commonwealth may continue to proceed against a juvenile as a delinquent by complaint in the Juvenile Court after a grand jury return a "no bill," thereby failing to indict the juvenile as a youthful offender. Based on the statute's language and purpose, and in light of our decision in *Commonwealth* v. *McCravy,* 430 Mass. 758 (2000), we conclude that the Commonwealth may proceed by complaint after a "no bill" is returned by the grand jury.

1. *Facts and procedural history.* A complaint was entered against the juvenile in the juvenile session of the Dorchester District Court on October 30, 1996, charging forcible rape of a child and indecent assault and battery on a person age fourteen years or older. On December 16 and 18, the Commonwealth sought an indictment against the juvenile pursuant to G. L. c. 119, § 54, a provision of the youthful offender act. See St. 1996, c. 200, § 2. The grand jury failed to indict the juvenile, returning a "no bill." The juvenile filed a motion to dismiss the complaint, arguing that the grand jury's failure to indict precluded the Commonwealth from continuing its prosecution. The motion was denied. Subsequently, the case was transferred to the Boston Juvenile Court for trial where a jury found the juvenile delinquent by reason of forcible rape of a child, and he was committed to the custody of the Department of Youth Services (department).[1]

On appeal, the juvenile asserts that the judge erred in denying his motion to dismiss. He claims G. L. c. 119, § 54, sets forth mutually exclusive alternatives by which the Commonwealth may proceed. The juvenile also argues that his due process rights were violated by the continuance of proceedings against him. We transferred the case to this court on our own motion, and we now affirm.

2. *Statutory interpretation.* Prior to the enactment of St. 1996, c. 200, juveniles could be prosecuted and sentenced as adults only after a Juvenile Court judge conducted a two-part transfer hearing pursuant to G. L. c. 119, § 61, as amended through St. 1992, c. 398, § 3.[2] In the first part of the hearing, the judge determined whether there was probable cause that the juvenile committed the offense. See *Commonwealth* v. *DiBenedetto*, 414 Mass. 37, 47 (1992), *S.C.*, 427 Mass. 414 (1998). If probable cause was found, the judge considered, in the second stage of the transfer hearing, the juvenile's dangerousness and amenabil-

---

[1]During his jury instructions, the judge withdrew from the jury's consideration the charge of indecent assault and battery.

[2]Prior to the enactment of St. 1996, c. 200, the Commonwealth could request a transfer hearing if the juvenile was fourteen years of age or older, committed an offense punishable by imprisonment in State prison if the juvenile were an adult, and had previously been committed to the department or if the offense involved the threat or infliction of serious bodily harm. See G. L. c. 119, § 61. Because this case does not involve murder charges, we need not consider the different procedures that exist for juveniles charged with murder under either G. L. c. 119, § 61, or the youthful offender act.

ity to rehabilitation. See *Commonwealth* v. *Clifford C.*, 415 Mass. 38, 41-42 (1993).

The youthful offender act, St. 1996, c. 200, repealed G. L. c. 119, § 61, and created a new category known as "youthful offender" within the juvenile justice system. See G. L. c. 119, § 52, as amended through St. 1996, c. 200, § 1. Prosecutors were given discretion, limited by certain criteria, to proceed against juveniles in the Juvenile Court "by complaint . . . or by indictment."[3] G. L. c. 119, § 54. If an indictment is successfully obtained, the juvenile is classified as a youthful offender; if the juvenile is proceeded against by complaint, the juvenile is classified as a delinquent. A juvenile indicted as a youthful offender faces substantially greater penalties than a juvenile proceeded against by complaint as a delinquent.[4] Whether proceeded against by complaint or indictment, the case is tried in the Juvenile Court. See G. L. c. 119, § 58.

The juvenile in this case contends that the language of G. L. c. 119, § 54, which provides that the Commonwealth may proceed "by complaint . . . or by indictment," presents mutually exclusive alternatives; that is, once the Commonwealth chooses to attempt to proceed by indictment, its option to proceed by complaint is foreclosed. He also contends that the absence of any language in the statute authorizing the Commonwealth to proceed by complaint after it fails to obtain an

[3]Indictment proceedings may be initiated by the Commonwealth if the juvenile in question is between the ages of fourteen and seventeen years, has committed an offense punishable by imprisonment if the juvenile were an adult, and has previously been committed to the department, or has committed an offense involving the infliction or threat of serious bodily harm, or has committed firearms offenses. See G. L. c. 119, § 54.

[4]If a juvenile is adjudicated a delinquent, the case may be placed on file, the juvenile can be placed on probation or committed to the department, "but the probationary or commitment period shall not be for a period longer than until such child attains the age of eighteen, or nineteen in the case of a child whose case is disposed of after he has attained his eighteenth birthday." G. L. c. 119, § 58. However, if the juvenile is adjudicated a youthful offender, the judge may sentence him to "(*a*) a sentence provided by law [for the offense]; (*b*) a combination sentence which shall be a commitment to the department of youth services until he reaches the age of twenty-one, and an adult sentence to a house of correction or to the state prison as is provided by law for the offense . . . [and] [t]he adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to the department of youth services . . . or (*c*) a commitment to the department of youth services until he reaches the age of twenty-one." *Id.*

indictment indicates the Legislature's intent to prohibit the practice. We disagree.

We begin by noting that nothing in the plain language of G. L. c. 119, § 54, requires dismissal of a pending delinquency complaint against a juvenile after the Commonwealth fails to obtain an indictment against the juvenile as a youthful offender. See *Victor V.* v. *Commonwealth*, 423 Mass. 793, 794 (1996) ("Where the statutory language is clear, the courts must give effect to the plain and ordinary meaning of the language"). While we agree that the Commonwealth may proceed by complaint *or* indictment, see *Lataille* v. *District Court of E. Hampden*, 366 Mass. 525, 530-531 (1974) (complaint and indictment "are alternative means for establishing probable cause to hold a defendant for trial"), there is nothing in the statute to suggest that an attempt to obtain an indictment nullifies the original complaint.

Moreover, the youthful offender act made "comprehensive changes in the Commonwealth's juvenile law in an effort to address growing concern about violent crimes committed by juveniles." *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 213 n.8 (1997). The Legislature intended to give prosecutors greater discretion when proceeding against violent juvenile offenders, and to reduce or eliminate protections previously afforded to delinquent children. See *Commonwealth* v. *Clint C.*, 430 Mass. 219, 223 (1999). Specifically, the youthful offender act eliminated the need for a cumbersome transfer hearing, and authorized a Juvenile Court judge to impose an adult sentence if the juvenile was indicted and thereafter adjudicated a youthful offender. See G. L. c. 119, § 58. Under the juvenile's construction of the statute, a no bill by the grand jury would require dismissal of the complaint pending in the Juvenile Court. Such an interpretation of G. L. c. 119, § 54, is clearly contrary to the purpose of the statute, as the Legislature could not have intended the Commonwealth to attempt to indict a juvenile at the peril of losing its ability to prosecute. See *Commonwealth* v. *Williams*, 427 Mass. 59, 62 (1998), quoting *Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. 251, 254 (1983) ("If the language of the statute is ' "fairly susceptible [of] a construction that would lead to a logical and sensible result" we will construe [it] so "as to make [it an] effectual piece of legislation in harmony with common sense and sound reason" ' "). We construe statutes in accordance with the Legislature's intent and in order

to effectuate the purpose of their framers. See *Champigny* v. *Commonwealth*, 422 Mass. 249, 251 (1996), quoting *Telesetsky* v. *Wight*, 395 Mass. 868, 872-873 (1985).

We conclude that, in accordance with the language and purpose of G. L. c. 119, § 54, the Commonwealth may proceed by complaint against a juvenile after a no bill is returned by the grand jury.

3. *Due process.* The juvenile further claims that his due process rights were violated because the grand jury's no bill deprived the Juvenile Court of jurisdiction. He argues that the District Court here, as in the adult system, was "simply doing the preliminary duty" of determining whether the juvenile should be held for appearance as a youthful offender, and therefore the complaint should have been dismissed after the grand jury returned a no bill.[5]

First, we note that the analogy of the juvenile system to the adult system is not appropriate. While the District Court is required to "bind over" to the Superior Court certain offenses not within its final jurisdiction, see G. L. c. 218, § 32, the Juvenile Court retains jurisdiction over a juvenile in noncapital cases whether the juvenile is indicted as a youthful offender or proceeded against by complaint; the distinction affects only sentencing. See G. L. c. 263, § 4; G. L. c. 119, § 58.

Even if the juvenile's analogy to the adult system were appropriate, it does not support his contentions. We have long recognized that a determination of no probable cause by a District Court does not bar subsequent indictment by a grand jury. See *Commonwealth* v. *Sullivan*, 156 Mass. 487, 489 (1892); *Commonwealth* v. *Hamilton*, 129 Mass. 479, 481 (1880). This is true even if the same evidence presented to the District Court is presented to the grand jury. See *Burke* v. *Commonwealth*, 373 Mass. 157, 161 (1977). More recently, we have concluded that the Commonwealth may present identical evidence to a second grand jury after initially failing to obtain an indictment. See *Commonwealth* v. *McCravy*, 430 Mass. 758, 762 (2000).

The juvenile acknowledges that a District Court determination of no probable cause does not bar subsequent indictment,

---

[5]The juvenile also cites G. L. c. 277, § 15, requiring an accused person held in custody pending a grand jury's action to be discharged when the grand jury decides not to return an indictment, "unless he is held on other process." In this case, the complaint initially issued against the juvenile is the "other process."

but attempts to distinguish the present case by arguing that here the grand jury found no probable cause first. We see no reason why this difference in timing is relevant, nor does the juvenile cite to any cases supporting this proposition. Although we have concluded that "presentment and indictment by a grand jury is one of the great securities of private right," *Commonwealth* v. *McCravy*, *supra* at 761-762, we have declined to recognize a "right to limit to one grand jury, and one only, submission of the same evidence." *Id.* at 762. In accord with this line of cases, a no bill by the grand jury would not preclude the Commonwealth from filing a complaint in the District Court against an adult defendant; the same is true in the juvenile system.

Based on the above reasoning, we conclude that the Commonwealth, pursuant to G. L. c. 119, § 54, may proceed against a juvenile by complaint in the juvenile session of the District Court after it fails to obtain a youthful offender indictment.

*Judgment affirmed.*