NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1645                                        Appeals Court


COMMONWEALTH  vs.  COLE C., a juvenile.[1]


No. 16-P-1645.

Suffolk.     November 8, 2017. - January 19, 2018.

Present:  Milkey, Blake, & Singh, JJ.


Juvenile Court, Jurisdiction.  Jurisdiction, Juvenile
    Court.  Youthful Offender Act.  Practice, Criminal,
    Indictment, Transfer hearing.  Statute, Construction.


    Indictments found and returned in the Superior Court
Department on July 5, 2016.

    After transfer to the Suffolk County Division of the
Juvenile Court Department, a motion to dismiss was heard
by Peter M. Coyne, J.


    Colby M. Tilley, Assistant District Attorney (Michael V.
Glennon, Assistant District Attorney, also present) for the
Commonwealth.
    Melissa Allen Celli for the defendant.


    MILKEY, J.  A grand jury indicted the defendant as a

youthful offender after he had turned eighteen years old.

Relying on Commonwealth v. Mogelinski, 466 Mass. 627 (2013)

_____

    [1] A pseudonym.

(Mogelinski I), a Juvenile Court judge dismissed the indictments for want of jurisdiction. For the reasons that follow, we reverse and order that the indictments be reinstated.

Background. The relevant facts are undisputed. On April 20, 2016, Boston police arrested the defendant on a variety of charges related to an armed home invasion that occurred that day. He was seventeen years old at that time. After his arrest, the police took him to a Department of Youth Services (DYS) facility. The following day, a twelve-count delinquency complaint was issued, and a second delinquency complaint that included two additional charges was issued a day later. The defendant was arraigned on April 25, 2016, and two days after that (one week after the alleged incident), he turned eighteen.

On July 5, 2016, a grand jury indicted the defendant as a youthful offender on five charges: armed home invasion, armed robbery, assault with a dangerous weapon, unlawful possession of a firearm, and intimidation of a witness. The indictments were filed with the Juvenile Court on July 11, 2016, and the case was continued to July 26, 2016, for arraignment. However, a Juvenile Court judge refused to arraign the defendant on the youthful offender indictments on the grounds that -- because the defendant had turned eighteen prior to the issuance of the indictments -- the court lacked jurisdiction over them. The judge also denied alternative relief that the Commonwealth

requested, the holding of a transfer hearing pursuant to G. L. c. 119, § 72A, in order that the defendant might be tried as an adult. The Commonwealth filed a motion to reconsider; the judge denied that motion and allowed the defendant's oral motion to dismiss the indictments, issuing a memorandum and order explaining his rulings.

Meanwhile, the defendant remained committed to the DYS facility until his release on bail in October. The delinquency complaints remain pending, but those proceedings have been stayed.[2]

Discussion. 1. The scope of the appeal. We begin by noting that the Commonwealth acknowledges on appeal that the alternative relief it requested in the Juvenile Court, the holding of a G. L. c. 119, § 72A, transfer hearing, has no application to this case. By its express terms, § 72A now applies to juveniles who are apprehended after they turn nineteen. G. L. c. 119, § 72A, as amended by St. 2013, c. 84, § 23. See Mogelinski I, supra at 632 n.4 (noting that as a result of the 2013 amendments, "the Commonwealth may seek a transfer hearing if an individual is apprehended after the age

---

[2] One of the delinquency dockets indicates that a judge allowed the Commonwealth's motion for a stay over the defendant's objection. The other docket appears to show that the Commonwealth's motion for a stay formally remains under advisement; in any event, that case too apparently has been stayed informally in the interim.

of nineteen, for conduct allegedly committed prior to his or her eighteenth birthday").  See also Commonwealth v. Mogelinski, 473 Mass. 164, 167-170 (2015) (Mogelinski II).  Although the parties disagree on exactly when the juvenile here should be deemed to have been apprehended, they agree that, in any event, he was apprehended before he turned nineteen.  Because the § 72A transfer hearing process has no application to this case, the appeal before us is limited to whether the Juvenile Court had jurisdiction over the youthful offender indictments.

2.  The import of Mogelinski I.  In finding no jurisdiction, the judge relied on Mogelinski I.  Overall, the setting of that case is indeed quite similar to the one before us.  Like the present case, Mogelinski I involved someone who -- when he turned eighteen -- was already subject to a pending delinquency complaint but had not yet been indicted as a youthful offender.[3]  Id. at 629-630.  The court held that youthful offender indictments cannot be issued against an

---

[3] Delinquency complaints and youthful offender indictments present alternative paths for prosecuting juveniles in Juvenile Court.  These two paths differ significantly as to the procedures that apply and the potential sanctions that can be imposed.  Youthful offender indictments may be pursued "for specific types of violent offenses or where the individual previously had been adjudicated delinquent and was between the ages of fourteen and seventeen [now eighteen, see G. L. c. 119, § 54, as amended by St. 2013, c. 84, § 8] at the time of the offense."  Mogelinski I, supra at 631.  The youthful offender provisions were enacted in 1996 in "response to societal concerns about violent crimes committed by juveniles."  Commonwealth v. Clint C., 430 Mass. 219, 222-223 (1999).

individual once he or she turns eighteen, regardless of whether a delinquency complaint was pending at that time.[4]  Id. at 637. Thus, Mogelinski I on its face supports the proposition on which the judge relied, namely that eighteen year olds cannot be indicted as youthful offenders.

However, an understanding of the continuing import of Mogelinski I needs to take into account the fact that in 2013, the Legislature expanded the Juvenile Court jurisdiction by increasing by one year the age at which juveniles could be prosecuted there.  See St. 2013, c. 84 (effective September 18, 2013).  Under the 2013 amendments, the statute now "confers jurisdiction on the Juvenile Court over cases where the alleged offense was committed up to the point of a defendant's eighteenth (rather than seventeenth) birthday."  Mogelinski I, 466 Mass. at 630.  Although this statutory change took place before Mogelinski I was issued, the court applied "the statutory scheme as it existed at all relevant times prior to this amendment."  Ibid.  The question we face is how to apply the points of law enunciated in Mogelinski I to the statute as amended.

---

[4] A four-judge majority rejected the Commonwealth's argument that the youthful offender indictments effectively were a continuation of the delinquency proceedings.  Mogelinski I, supra at 643.

While the Juvenile Court's jurisdiction has been expanded from time to time, it remains a court of limited jurisdiction. Accordingly, the court "'has no . . . authority in the absence of a specific statutory authorization.'" Mogelinski II, supra at 167, quoting Commonwealth v. A Juvenile, 406 Mass. 31, 34 (1989). We therefore must focus on the specific language of G. L. c. 119, § 72, the statutory provision that most directly speaks to the continuing jurisdiction of the Juvenile Court in prosecution proceedings. We turn first to a closer examination of the language of that section as it appeared prior to the 2013 amendments, and then examine what changes have been made to it.

3. The jurisdiction of the Juvenile Court prior to the 2013 amendments. As noted, the Juvenile Court formerly had jurisdiction only over offenses committed before an alleged offender turned seventeen. G. L. c. 119, § 54, as in effect prior to St. 2013, c. 84, § 8. However, the age of the individual when he or she allegedly committed the offense is not the only factor that determines whether the Juvenile Court has jurisdiction. Rather, such jurisdiction is also limited by the individual's age when the prosecution goes forward. So long as a prosecution was commenced prior to the individual's eighteenth birthday, the court retained continuing jurisdiction of the case until its conclusion. See G. L. c. 119, § 72(a), first par., prior to amendment by St. 2013, c. 84, § 21; G. L. c. 119,

§ 72(b).  In this manner, the existence of continued jurisdiction "presuppose[d] that an individual [was] under the age of eighteen when the proceeding [was] commenced."  Mogelinski I, supra at 632.  Notably, because any alleged offenses at issue necessarily had to involve conduct that occurred prior to the juvenile's turning seventeen, the statute effectively gave prosecutors at least a year to bring a prosecution, be it a delinquency proceeding or a youthful offender proceeding.  The statute reinforced that seventeen year-old juveniles could be prosecuted for their conduct prior to seventeen through a separate provision set forth in G. L. c. 119, § 72(a), second par., that recognized that such individuals could be prosecuted in Juvenile Court if they were "apprehended" between their seventeenth and eighteen birthdays.[5]

If there was no pending proceeding when the juvenile turned eighteen and he was "apprehended" on the charges after he turned eighteen, then under the prior version of the statute, the Commonwealth's only recourse was to pursue a § 72A transfer

---

[5] Prior to the 2013 amendments, § 72(a), second par., read as follows:

> "If a child commits an offense prior to his seventeenth birthday, and is not apprehended until between such child's seventeenth and eighteenth birthday, the court shall deal with such child in the same manner as if he has not attained his seventeenth birthday, and all provisions and rights applicable to a child under seventeen shall apply to such child."

hearing in an effort to have the juvenile tried as an adult. See Mogelinski I, supra at 633, citing G. L. c. 119, §§ 72, 72A, as in effect prior to St. 2013, c. 84 ("persons apprehended prior to their eighteenth birthdays will be proceeded against as children, and persons apprehended after their eighteenth birthdays will either be proceeded against as adults or discharged"). In common parlance, an alleged offender who had not been apprehended prior to turning eighteen was said to have "aged out" of the juvenile system.

4. The jurisdiction of the Juvenile Court under the statute as amended. As already noted, the 2013 amendments expanded the jurisdiction of the Juvenile Court to include offenses committed prior to the alleged offender's turning eighteen, not seventeen. G. L. c. 119, § 54, as amended by St. 2013, c. 84, § 8. It also made a corresponding one-year change to when § 72A transfer hearings apply; such hearings now apply only to individuals who are apprehended after they turn nineteen, not eighteen. G. L. c. 119, § 54, as amended by St. 2013, c. 84, § 23. Thus, it is now alleged offenders who have not been apprehended before their nineteenth birthdays who no longer can be prosecuted in Juvenile Court.

Although the Mogelinski I court applied the earlier version of the statute in resolving the case presented, it commented along the way on certain effects of the 2013 amendments. A one-

sentence footnote there is of particular relevance to the case before us. Specifically, the court stated that, as a result of the 2013 amendments, the Commonwealth now "may seek a youthful offender indictment at any point prior to an individual's nineteenth birthday, for offenses alleged to have been committed between the ages of fourteen and eighteen." Id. at 631 n.3.[6] That statement directly supports the Commonwealth's position in the case before us. However, we do not view it necessarily as resolving this case for three reasons. First, the statement unquestionably is dicta.[7] Second, the statement is not accompanied by an analysis of the language of G. L. c. 119, § 72, as amended, the section that addresses the jurisdictional question at issue. As discussed below, because the 2013 amendments modified only some of the age references in G. L. c. 119, § 72, that section now includes a potential textual anomaly that no appellate court yet has examined. Third, the defendant argues that even if the statement in note three

---

[6] For this proposition, the court cited to St. 2013, c. 84, § 8. It was that section that amended G. L. c. 119, § 54, so as to allow the Commonwealth to prosecute offenses committed by seventeen year olds in Juvenile Court.

[7] We recognize, of course, that under its superintendence powers, G. L. c. 211, § 3, the Supreme Judicial Court has authority to establish prospective rules of law that are binding on lower courts even though doing so is unnecessary for resolution of the case before it. We do not read the third footnote in Mogelinski I as having been intended as such a pronouncement.

of Mogelinski I was intended to set forth a general rule, the particular circumstances of his case does not fall under that rule.  We turn now to examining § 72, as amended.

The current version of § 72 is set forth in full in the margin (with underscoring used to highlight those age references that were increased by one year in or after 2013).[8]  Even though

_____

[8] The text of G. L. c. 119, § 72, as amended by 2013, c. 84, §§ 21-22A, and by St. 2014, c. 165, § 153, is as follows.  The age references that were modified by those amendments have been italicized.

"(a) The divisions of the juvenile court department shall continue to have jurisdiction over children who attain their eighteenth birthday pending final adjudication of their cases, including all remands and retrials following appeals from their cases, or during continuances or probation, or after their cases have been placed on file, or for any other proceeding arising out of their cases. Except as provided in subsection (b), nothing herein shall authorize the commitment of a person to [DYS] after he has attained his twentieth birthday.

"If a child commits an offense prior to his eighteenth birthday, and is not apprehended until between such child's eighteenth and nineteenth birthday, the court shall deal with such child in the same manner as if he has not attained his eighteenth birthday, and all provisions and rights applicable to a child under 18 shall apply to such child.

"(b) If the Commonwealth has proceeded by indictment, the divisions of the juvenile court department shall continue to have jurisdiction over such persons who attain their eighteenth birthday pending the final adjudication of their cases, including all remands and retrials following appeals from their cases, or pending the determination allowed under section 58, or during continuances or probation, or after their cases have been placed on file, or for any other proceeding arising out of their cases.  Nothing herein shall authorize the commitment of a youthful

G. L. c. 119, § 54, as amended, now allows the Commonwealth to seek youthful offender indictments based on conduct undertaken up to the juvenile's eighteenth birthday, the Legislature did not make a corresponding one-year change to those portions of § 72 that recognized that the Juvenile Court retains jurisdiction over cases that were pending when the juvenile turns eighteen.  Instead, the relevant language there reads exactly as it did before the 2013 amendments.  See § 72(a), first par., and § 72(b). [9]  Accordingly, the language of § 72(a), first par., and § 72(b) -- viewed on its own -- continues to "presuppose" that juvenile enforcement proceedings will be commenced prior to the alleged offender's eighteenth birthday (without the Commonwealth having an extra year to file a delinquency complaint or obtain a youthful offender indictment). [10]  However, we are mindful that the Supreme Judicial

---

offender to [DYS] after he has attained his twenty-first birthday."

The 2014 amendment substituted "until between such child's eighteenth and" for "before his."

[9] The Legislature amended § 72(a), first par., to allow a delinquent child to be committed to DYS custody until he or she turned twenty, not nineteen (a change that is not material to the appeal before us).  No changes whatsoever were made to § 72(b).

[10] Although the Legislature's failure to change the age references in § 72(a), first par., and § 72(b) from "eighteen" to "nineteen" may seem curious, this is with the benefit of hindsight.  The 2013 amendments preceded Mogelinski I, and

Court has cautioned -- in the context of interpreting this very statute -- that we are to "look to the language of the entire statute, not just a single sentence, and attempt to interpret all of its terms 'harmoniously to effectuate the intent of the Legislature.'" Mogelinski I, 466 Mass. at 641, quoting Commonwealth v. Hanson H., 464 Mass. 807, 810 (2013). In addition, "it is a well-established canon of statutory construction that a strictly literal reading of a statute should not be adopted if the result will be to thwart or hamper the accomplishment of the statute's obvious purpose, and if another construction which would avoid this undesirable result is possible." Reade v. Secretary of the Commonwealth, 472 Mass. 573, 578 (2015), quoting Watros v. Greater Lynn Mental Health & Retardation Assn., 421 Mass. 106, 113 (1995). With these principles in mind, we turn to other language in § 72.

---

therefore the Legislature did not have the benefit of the four-justice majority opinion on how the pre-amendment language would be interpreted. Had a majority of the court accepted the Commonwealth's argument in Mogelinski I that the youthful offender proceedings effectively were a continuation of the related delinquency proceedings, then there would have been little need to change "eighteen" to "nineteen" in § 72(b) (since eighteen year olds could be indicted as youthful offenders so long as a delinquency complaint were brought before they turned eighteen). In terms of considering any failure by the Legislature to make such a textual change after Mogelinski I issued, we note that because of the dicta in note three, Mogelinski I did not flag any potential textual impediment to indicting eighteen year olds that the Legislature might consider fixing.

Although the 2013 amendments did not modify the provisions in § 72 regarding the Juvenile Court's continuing jurisdiction over pending cases, they did update the age references in the second paragraph of § 72(a).  That paragraph previously served to confirm the court's jurisdiction to hear enforcement matters against alleged offenders who were apprehended after they turned seventeen but before they turned eighteen.  As a result of the 2013 amendments (and a minor clarifying amendment in 2014), the second paragraph of § 72(a) now recognizes that the Commonwealth can bring Juvenile Court enforcement actions against an individual who "is not apprehended until between such child's eighteenth and nineteenth birthday," with the matter then being treated as if the child had not turned eighteen.  It is this provision that provides the Commonwealth an express pathway for initiating prosecutions in the Juvenile Court against individuals between their eighteenth and nineteenth birthdays (whether delinquency proceedings or youthful offender proceedings).[11]

---

[11] It bears noting that unlike § 72(b), which applies only to youthful offender proceedings, § 72(a) does not expressly refer to either delinquency proceedings or youthful offender proceedings.  Rather, its language -- "[i]f a child commits an offense prior to his eighteenth birthday" (emphasis supplied) -- is broad enough to encompass both types of proceedings.  Compare G. L. c. 119, § 58 (a section that similarly uses the undefined term "child" with reference to both a "delinquent child" and a "youthful offender").  Nevertheless, we recognize that some argument can be made, based on the two-part structure of § 72,

Our interpretation of the statutory text not only is consistent with note three of Mogelinski I, but also satisfies the principle enunciated in that case that we must look to the statute as a whole, not view language in isolation. Mogelinski I, supra at 641. Were we to conclude, as the judge did, that the Commonwealth cannot seek youthful offender indictments against individuals once they turn eighteen, this would leave a significant gap in the coverage of the statute. Specifically, individuals who committed extremely serious offenses while they were seventeen -- such as the armed home invasion allegedly committed by the defendant a week before his eighteenth birthday -- could not be indicted as youthful offenders unless the Commonwealth actually obtained those indictments before they

---

that § 72(a) applies only to delinquency proceedings. After all, since the first paragraph of § 72(a) so closely parallels § 72(b), the latter subsection arguably is rendered largely superfluous if § 72(a) already applied to youthful offender proceedings. In any event, for the reasons discussed below, we interpret the second paragraph of § 72(a) as applying to both delinquency proceedings and youthful offender proceedings, notwithstanding the somewhat awkward manner in which § 72 is structured. Finally, we note that although the first paragraph of § 72(a) and § 72(b) both theoretically apply to youthful offender proceedings, the latter subsection is plainly the operative provision to the extent there are any differences. This explains the court's shorthand reference in Mogelinski I to § 72(a) applying "where proceeding commenced via delinquency complaint" and to § 72(b) applying "where proceeding commenced via youthful offender indictment." Mogelinski I, supra at 631.

turned eighteen.[12]  Given unavoidable time lags incumbent in investigating crimes and obtaining indictments, this in turn would mean that many serious offenses committed by juveniles could not be prosecuted through youthful offender proceedings even though the statutes authorizing such proceedings were enacted to apply to such offenses.  See Commonwealth v. Dale D., 431 Mass. 757, 760 (2000) ("The Legislature intended to give prosecutors greater discretion when proceeding against violent juvenile offenders, and to reduce or eliminate protections previously afforded to delinquent children").  That result would be so at odds with the "central purpose" and overall structure of the statute that we cannot ascribe it to the Legislature.  Reade v. Secretary of the Commonwealth, 472 Mass. at 584 ("We decline to construe [a statute] in a manner that is plainly inconsistent with its central purpose, notwithstanding the susceptibility of the statute's plain language to such a construction").

5.  Application of § 72(a) to this case.  Having concluded that the statute now provides the Commonwealth a pathway for securing youthful offender indictments against individuals between their eighteenth and nineteenth birthdays (for offenses allegedly committed prior to their turning eighteen), our job is

---

[12] Nor could the Commonwealth seek to proceed against them as adults, at least if they were apprehended prior to their nineteenth birthdays.  See G. L. c. 119, § 72A.

not yet done.  That is because the defendant argues that even if the Commonwealth generally can indict eighteen year olds as youthful offenders, it cannot do so under the particular facts of this case.  Specifically, he points to the fact that he was taken into DYS custody on the very day the alleged crime occurred, while he was still seventeen.  Because he was "apprehended" before he turned eighteen, the defendant argues, § 72(a), second par., is inapplicable.  According to him, because he was neither indicted as a youthful offender before he turned eighteen, nor apprehended after he turned eighteen, the Commonwealth's only option is to proceed on the pending delinquency complaints.  For the reasons that follow, we disagree.

In Mogelinski I, the court discussed at length the meaning of "apprehended," as that term is used in the context of §§ 72 and 72A.  The court held that when an individual is "available to the court," he generally is "apprehended" on a juvenile charge when process issues on that charge.  Mogelinski I, 466 Mass. at 634-636.  The court recognized that in a typical juvenile case, process would be issued before the individual is taken into custody.  Id. at 636.  The court also recognized, however, that there may be cases where "a juvenile may be apprehended prior to the time of the issuance of a summons or a warrant, where, for example, the police catch him or her in the

act of committing a crime." Id. at 636 n.6. "In such a case, taking the juvenile into custody constitutes apprehension" even though no charges may yet have been filed. Ibid.

From all of this, it follows that the defendant here is correct to the extent he argues that he was first "apprehended" when he was taken into custody, which indisputably occurred before he turned eighteen. What the defendant fails to recognize, however, is that the delinquency complaints and the youthful offender indictments are considered to have initiated distinct proceedings for which there may be different points of "apprehension." In Mogelinski I, the court expressly rejected the argument that the date of apprehension on the youthful offender proceeding should "relate back" to the date of apprehension on the prior delinquency proceeding. Id. at 646. Instead, the court concluded that "the commencement of process after an indictment marks a new point of apprehension, distinct from any apprehension on delinquency complaints." Id. at 643.

We recognize that in the case before us, the defendant's initial apprehension was effected by his being taken into custody rather than -- as in Mogelinski I -- by the issuance of process on a delinquency complaint. However, we discern no reason why that should make a difference in deciding when the "new point of apprehension" occurred on the youthful offender indictments. To the contrary, viewing the issuance of process

on youthful offender indictments as initiating the applicable point of apprehension on those indictments is the only way of arriving at a sensible construction of the statute that squares both with its language and the principles enunciated in Mogelinski I.

Conclusion.  To sum up, we conclude that the Juvenile Court had jurisdiction over the youthful offender indictments, because -- based on the uncontested facts -- the defendant was not apprehended on them until between his eighteenth and nineteenth birthdays.[13]  See G. L. c. 119, § 72(a), second par. Accordingly, the judge's order, dated August 9, 2016, allowing the motion to dismiss the five youthful offender indictments is reversed, and the five indictments are reinstated.[14]

So ordered.

---

[13] Strictly speaking, the limited record before us does not reveal the specific date on which process issued on the youthful offender indictments.  However, we know that this must have occurred prior to July 26, 2016, the date on which the defendant appeared in court with respects to the indictments.

[14] Because the judge concluded that there was no jurisdiction over the youthful offender indictments, the case remained impounded in the Juvenile Court.  We have kept the case impounded through the course of these appellate proceedings. See S.J.C. Rule 1:15, § 2, as appearing in 472 Mass. 1301 (2015).  However, we note that once the indictments are reinstated, impoundment will no longer be warranted.  See G. L. c. 119, § 60A ("The record of a youthful offender proceeding conducted pursuant to an indictment shall be open to public inspection in the same manner and to the same extent as adult criminal records").